UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Michael CALLANAN | ) | 3:20-CV-01198 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, d/b/a Amtrak | ) | MARCH 29, 2021 |
| *Defendant*. | | |

## ORDER DIRECTING CLERK TO CLOSE THIS CASE

Kari A. Dooley, United States District Judge:

Before the Court is a motion to dismiss, ECF No. 23, filed by *pro se* Plaintiff Michael Callanan, who is currently incarcerated in Connecticut's Cheshire Correctional Institution. The motion was filed on March 23, 2021 apparently in lieu of a response to Defendant National Railroad Passenger Corporation's Rule 12 motion to dismiss, which was filed on August 25, 2020. *See* Pl.'s Mot., ECF No. 23 (Plaintiff seeks dismissal because, inter alia, "Plaintiff has very limited if any access to facilities, legal resources, or documents to research, litigate, or challenge/object in any way as to Defendants Motion to Dismiss."). Plaintiff's opposition to the motion to dismiss was due by March 17, 2021. Defendant has not yet filed an answer in this case.

Filed purportedly pursuant to Rule 12 of the Federal Rules of Civil Procedure, Plaintiff's motion requests that the Court dismiss the complaint without prejudice. Defendant, in response, filed a cross motion to dismiss on March 26, 2021, and it asks the Court to grant the relief requested in its first motion to dismiss, specifically dismissal of Plaintiff's complaint with prejudice. In support of its renewed motion to dismiss, Defendant attached essentially the same memorandum of law that Defendant filed with its first motion to dismiss and to which the Plaintiff never responded. Defendant also noted both that Plaintiff decided to start this lawsuit while incarcerated

and that almost seven months have elapsed since Defendant filed its original motion to dismiss. Defendant did not, however, address the procedural posture of Plaintiff's motion, and Defendant also did not tie these factual observations about the case to any legal argument or authority.

Plaintiff's motion is best construed as a Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). "It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)). "The rationale underlying this rule is that a *pro se* litigant generally lacks both legal training and experience and, accordingly, is likely to forfeit important rights through inadvertence if he is not afforded some degree of protection." *Id.* Indeed, such is the situation in this case: Plaintiff, a *pro se* litigant, has filed a motion pursuant to a rule exercised by defendants while asking for relief that is his by right pursuant to another rule. Because Defendant has not filed an answer or a motion for summary judgment, Plaintiff still has the right to voluntarily dismiss this action without the Court's intervention, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), and his motion should be interpreted so as to affect that outcome.

Defendant does not argue that its pending motion to dismiss somehow prevents the Plaintiff from filing a notice of voluntary dismissal. *See Thorp v. Scarne*, 599 F.2d 1169, 1174 (2d Cir. 1979). Nor has Defendant specifically alleged, including in Defendant's observations concerning the timing of this motion, that Plaintiff's actions are taken in bad faith. *See Wolters Kluwer Fin. Services, Inc. v. Scivantage*, 564 F.3d 110, 114–15 (2d Cir. 2009) (addressing dismissal of a complaint with prejudice as a sanction). And to be sure, Plaintiff's requests for additional time to respond to the first motion to dismiss before then filing the instant request do not implicate Rule 41(b) or any failure on the Plaintiff's part to prosecute his claims. Defendant has not, therefore,

advanced an argument that Plaintiff is not entitled to exercise his "otherwise unfettered right voluntarily and unilaterally to dismiss an action." *Thorp*, 599 F.2d at 1175.

> Rule 41(a)(1)(i) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a Notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*Id.* at 1176 (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)) (other citations omitted).

Accordingly, the Court construes the Plaintiff's motion to dismiss as a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i), and the Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of March 2021.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE